IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

GILES CHIBUZOR MBONU,     )
                                         )
      Petitioner,             )
                                         )
v.                                     )       Civil Action No. 3:17CV702–HEH
                                         )
JEFFREY CRAWFORD,         )
                                         )
      Respondent.         )

## MEMORANDUM OPINION
### (Dismissing as Moot 28 U.S.C. § 2241 Petition)

This matter is before the Court on a petition for writ of habeas corpus pursuant to

28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 5) filed by Giles Chibuzor Mbonu.[1] In his

§ 2241 Petition, Mbonu seeks release from the custody of the United States Immigration

and Customs Enforcement ("ICE"), asserting that his continued detention is unlawful

under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Respondent has filed a Motion to

Dismiss (ECF No. 13). For the reasons stated below, the Court will grant the Motion to

Dismiss and dismiss the § 2241 Petition as moot.

## I.     PROCEDURAL HISTORY

Mbonu is a native and citizen of Nigeria who entered the United States as a Legal

Permanent Resident. (Declaration of John D. Killian ("Killian Decl. I") ¶¶ 7, 29, ECF

No. 10–1.) On May 19, 2015, Mbonu was arrested by ICE and held for the duration of

his removal proceedings, including many appeals and remands. (*Id.* ¶¶ 11–25.) On

---

[1] The Court notes that the docket incorrectly reflects Mbonu's name. The Court corrects his name here to reflect what he placed on the original § 2241 petition filed with the Court. (ECF No. 1, at 1.)

March 26, 2018, an Immigration Judge held a merits hearing and "heard testimony and received evidence as to whether Petitioner was eligible for adjustment of status with a waiver of inadmissibly pursuant to INA § 212(h), 8 U.S.C. § 1182(c) ("212(h) waiver")." (Declaration of John D. Killian ("Killian Decl. II") ¶ 6, ECF No. 14–1.) On May 15, 2018, the Department of Homeland Security "received the Immigration Judge's written decision, dated May 8, 2018, which granted [Mbonu's] request for adjustment of status with a 212h waiver. All parties waived appeal." (*Id.* ¶ 7.) Thereafter, on May 16, 2018, Mbonu was released from ICE custody and he is no longer detained. (*Id.* ¶ 8.)

## II. ANALYSIS

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). No case or controversy exists unless the petitioner has suffered an actual injury that can "be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). Here, Mbonu was released from ICE custody on May 16, 2018, because he had his immigration status adjusted and received a 212h waiver. (Killian Decl. II ¶¶ 7–8.) "Where, as here, a petitioner does not challenge the legality of his removal order but rather only seek[s] release from ICE custody pending his removal, courts have held that the petitioner's deportation or release from custody moots the petition." *Diawara v. Sec'y of DHS*, No. AW–09–2512, 2010 WL 4225562, at *2 (D. Md. Oct. 25, 2010) (citations omitted); *see Sayyah v. Farquharson*, 382 F.3d 20, 22 n.1 (1st Cir. 2004) (noting that release mooted alien's habeas challenge to continued

2

detention); *Ishola v. Mukasey*, No. PJM–08–1363, 2008 WL 7697071, at *1 (D. Md.

Aug. 12, 2008) (finding that petitioner's § 2241 petition challenging continued detention

pending removal was moot because petitioner had been released from ICE custody

pursuant to an order of supervision), *aff'd sub nom. Ishola v. Holder*, 326 F. App'x 254

(4th Cir. 2009); *Al-Salahi v. Loiselle*, No. 2:06CV102, 2006 WL 2709682, at *2 (E.D.

Va. Sept. 19, 2006) (concluding same). Because Mbonu has already been released from

ICE custody, his § 2241 Petition no longer presents a case or controversy that this Court

can address. *See Spencer*, 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477).

## III.   CONCLUSION

For these reasons, Respondent's Motion to Dismiss (ECF No. 13) will be granted,

Mbonu's § 2241 Petition (ECF No. 5) will be dismissed as moot, and the action will be

dismissed.

An appropriate Order will accompany this Memorandum Opinion.

/s/

HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: June 15 2018
Richmond, Virginia